IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

    Defendant.

Criminal No. 15-0184
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court are two motions filed by Defendant, Gregory Makozy. Defendant's first motion (doc. no. 74), is titled "Motion for IRS Payment," to which the Government filed a response. See doc. no. 78. Defendant's second m,otion (doc. no. 75) is titled "Motion to Transfer Case," to which the Government filed a response. See doc. no. 77. For the reasons set forth below, both of Defendant's motions shall be denied.

**1. Defendant's Motion for IRS Payment (doc. no. 74)**

Like the Government (see doc. no. 78), the Court had a difficult time discerning what relief Defendant's first Motion seeks and what his request is predicated upon.

This Court begins by noting that, during sentencing, the Court ordered Defendant to pay restitution in a total amount of $49,529.00 to several different entities. Prior to the sentencing hearing, Defendant paid some of those entities. However, as the Amended Judgment indicates, Defendant was ordered to pay restitution in the amount of $48,260.00 to the IRS – not "$48K" as set forth in Defendant's Motion – and this is was <u>not</u> paid at the time of sentencing hearing. See doc. no. 59, p. 4.

In his Motion, Defendant notes that "BK court discharged IRS debt of $48K . . ." and that he (Defendant) "in a previous, signed agreement, agreed to pay the IRS." Defendant claims that "even though [the IRS debt] was discharged [through his bankruptcy proceedings]," he agreed to pay this debt (presumably through his "signed agreement"). Defendant also claims that the IRS is attempting to collect "the same amount" from his wife, thereby causing "Defendant to pay twice."

Next, Defendant states he entrusted his attorney with a sum of money, then accuses his attorney of using $10,000.00 of that money (presumably money which Defendant earmarked for the "discharged" IRS debt that he then benevolently "agreed" to pay to the IRS) to obtain witness subpoenas and transcripts.

Finally, Defendant argues that the IRS owes him money, and claims that his attorney should: (1) subtract what the IRS owes Defendant, (2) add back the $10,000.00 the attorney took to pay for subpoenas and transcripts, (3) combine it with the balance of what Defendant entrusted to the attorney, and (4) pay it over to the IRS as restitution. According to Defendant's calculations, the IRS restitution amount will be paid in full if his attorney follows these instructions.

The Court notes that the Presentence Report ("PSR") prepared by the Probation Office indicated that the total amount due and owing to the IRS was $48,260.00. See doc. no. 39, ¶ 85. In response to this statement in the PSR, Defendant filed the following:

> Additionally, an IRS debt in the about of $46,835.33 was discharged in the bankruptcy proceeding and it is unclear what the precise nature of that debt is at this time. [Defendant's] counsel is attempting to determine what relationship, if any, this debt has to the debt listed in this paragraph of the Presentence Investigation Report.

Doc. no. 41, p. 2.

Next, on April 29, 2016, two weeks prior to the sentencing hearing, Defendant filed a Memorandum in Aid of Sentencing, wherein his attorney noted that:

> During the course of this case, [Defendant], undersigned counsel and the government worked together to finalize payment of restitution. The restitution owed to the United States Department of Labor, LVNV Funding, LLC and American InfoSource, LP has been paid. The only remaining restitution is owed to the Internal Revenue Service. [Defendant] is in negotiations with the Internal Revenue Service concerning this debt. The majority of the debt stems from interest and penalties and [Defendant] is hoping to negotiate a lesser amount. Importantly, however, the total amount of $48,260 has been provided by [Defendant] to undersigned counsel and these funds are available to pay the full amount if negotiations prove unfruitful. Undersigned counsel represents that this amount of money is in his IOLTA account and is earmarked for payment of [Defendant's] Internal Revenue Service liability. In short, all restitution will be paid in this case. [Defendant] respectfully asks the Court to consider [Defendant's] payment of restitution as a factor that mitigates against a custodial sentence in t[h]is case.

Doc. no. 48, p. 18-19.

Based on the PSR and discussion during the sentencing hearing, this Court determined that the total amount of restitution due and owing to the IRS was $48,260.00. This is the amount the Court placed in the Judgment as restitution due to the IRS. See doc. no. 52. To date, this amount remains unpaid. The Court finds that Defendant's current arguments to pay something less than this amount are without proof, are meritless, and illustrate his continued attempts to avoid paying what he owes the Government.

Accordingly, Defendant's Motion (doc. no. 74) to Amend the Judgment to either eliminate or reduce the restitution amount owed to the IRS, $43,260.00, will be denied.

**2. Defendant's Motion to Transfer Case (doc. no. 75)**

Defendant's next Motion notes that this case was adjudicated in the Western District of Pennsylvania and claims he was "sentenced to jail in Miami." Defendant claims he will need:

(1) to litigate "many issues" (presumably on appeal), and (2) court-appointed counsel to argue his many issues. He therefore requests that his "case" be transferred to the Southern District of Florida, so a court-appointed attorney can meet with him in person. See doc. no 75.

The Court does not have jurisdiction over this Motion. Following the sentencing hearing, Defendant filed an appeal of his sentence with the United States Court of Appeals for the Third Circuit. In addition, this Court did not "sentence Defendant to jail in Miami." This Court merely recommended (as it often does during most of its criminal sentencings), that Defendant be incarcerated in a federal facility as close to his home (or family) as possible within the Bureau of Prisons classification system. He is presently being housed in FCI Miami per the Bureau of Prisons inmate locator. Accordingly, this Motion will be denied.

AND NOW, this 29th day of July, 2016, Defendant's "Motion for IRS Payment" (doc. no. 74), and Defendant's "Motion to Transfer Case" (doc. no. 75) are **DENIED**.

    s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record

Gregory M. Makozy
#05730-068
FCI Miami
15801 S.W. 137th Ave
Miami, FL 33177