IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

     Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

     Defendant.

Criminal No. 15-0184
ELECTRONICALLY FILED


**ORDER OF COURT**

Before the Court is *pro se* Defendant's Second Motion for Reconsideration of the Court's
Order denying his first "Motion for Reconsideration IRS Payment."[1]  Defendant's First Motion –
ECF 74; Court Order denying Motion - ECF 79;  First Motion for Reconsideration - ECF 115;
Order denying Motion for Reconsideration – ECF 118;  Second (Current) Motion for
Reconsideration – ECF 119.

As this Court has stated before in ECF 118, Defendant has failed to argue and support his
argument with evidence of:  (1) an intervening change in the controlling law; (2) the availability
of new evidence that was not available when the court made its decision; or (3) the need to
correct a clear error of law or fact or to prevent manifest injustice, as required by *Max's Seafood
Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) and *United States of
America v. Korey*, 2009 WL 1940381 (W.D. Pa. June 30, 2009).

In this most recent Motion, Defendant claims that he presented the Court with "new
evidence," claiming his words and attached documents prove he is entitled to the relief

---

[1] Defendant styled his previous Reconsideration Motion as "Motion to Resolve IRS Debt Ordered at
Sentencing" (ECF 115),  but the Court's review of the content of that Motion (ECF 115) led the Court to
render it a Motion for Reconsideration of another one of Defendant's previously filed Motions (ECF 74).

requested.   The Court, again, disagrees.  In fact, the documents attached by Defendant prove he is not entitled to the relief requested.

The Defendant's bankruptcy case was closed and the final decree was signed by District Bankruptcy Judge Carlota M. Bohm on March 9, 2016.  See the United States Bankruptcy Court for the Western District of Pennsylvania, bankruptcy docket no. 13-25231, at doc. nos. 194, 195. Defendant attached a document from the IRS, <u>dated June 9, 2017,</u> noting that Defendant still owes the IRS $116,656.02.  Defendant continues to try to convince this Court that this sum was discharged through his bankruptcy, which, as noted, closed over a year beforehand.  He contends (again) that, because his IRS debt of $116,656.02 was for tax year 2009, it was completely discharged.  This clearly is not the case as the June 9, 2017 IRS letter indicates.  He offers no other proof that this 2009 IRS debt, about which the IRS wrote Defendant in 2017, was, in fact, discharged.

The Court has entertained numerous Motions wherein this *pro se* Defendant repeats himself and cites to the same "evidence" from motion to motion in support of his theories.  The Court finds that there is nothing new to consider, and thus, in accordance with *Max's Seafood Café* and *Korey*, the Court DENIES his current Motion (ECF 119).

SO ORDERED this 3rd day of January, 2019.

s/   Arthur J. Schwab
United States District Judge

cc:    All counsel of record
              and
       Greg Makozy
       9661 SW Glenbrook
       Port St Lucie, FL 34987