IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

    Defendant.

Criminal No. 15-0184
ELECTRONICALLY FILED

**ORDER OF COURT**

Defendant has filed a Motion for Early Termination of Supervised Release under 18 U.S.C. § 3583(e). ECF 125. The Government filed a Response in Opposition to same. ECF 130. The Court, for the reasons set forth herein, will deny the Motion.

Defendant, who bears the burden of convincing this Court that his term of supervised release should be abbreviated, argues that, to date, he has complied with all of the terms of his sentence. Specifically, he completed his term of incarceration and he paid his restitution. Defendant also claims that during the pendency of his supervised release he has been a model citizen. Finally, Defendant also urges the Court to grant his request so that he may attempt to obtain a "financial license." ECF 125.

In its Response, the Government notes that Defendant currently resides in Florida. The SAFE Act, 12 U.S.C. § 5101 – 5116 (2008), and Florida's regulations governing the application of the SAFE Act (33 F.S.A. §494, *et seq.*), which includes the criteria to obtain a mortgage loan originator license, indicate that Defendant is unlikely to obtain such a license in the immediate future due to his felony convictions. ECF 130.

When considering Defendant's Motion for a reduction to his term of supervised release, section 3583(e)(1) directs the Court to consider the factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and

characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  In this case, Defendant pled guilty to count six of the Indictment brought against him – concealment of bankruptcy assets.

      This Court heard Defendant's argument during the sentencing hearing where he tried to convince this Court that his criminal history category should be a "one" and not a "three." Defendant made this argument in an effort reduce his sentence terms.  The Court specifically held that regardless of Defendant's criminal history score, 30 months imprisonment was an appropriate length of time to imprison Defendant, because (1) the instant case was only his most recent crime, and (2) his prior crimes were also fraud-related crimes.

      In this case, Defendant devised a scheme to defraud the bankruptcy court and to make himself "judgment-proof" to his creditors to whom he owed hundreds of thousands of dollars in unpaid judgments and tax liens.   To this end, Defendant filed three bankruptcy petitions.   The first two were dismissed by the bankruptcy court.  The third petition was filed in the United States District Court for the Southern District of Florida, but was transferred here to the United States Bankruptcy Court for the Western District of Pennsylvania.  This transfer occurred upon the request of the trustee who suspected concealment of assets.

      An investigation was performed by the trustee and later by federal investigators who determined that Defendant concealed and secretly transferred hundreds of thousands of dollars in real and personal property he owned prior to filing, and during the pendency of his bankruptcy

petition.  As part of his scheme to defraud, defendant attempted to divest himself of his assets, notably an Aston Martin and real estate holdings valued at over one million dollars, by selling off and/or fraudulently conveying assets to his wife and son, which assets he controlled and which could have been subject to liquidation by the bankruptcy trustee and execution by judgment creditors.  In executing his scheme, Defendant concealed fraudulent pre-petition and post-petition conveyances of his real estate, personal assets, and personal property.

Given the nature of the instant crime to which Defendant pled guilty, this Court finds that the three-year term of supervised release is appropriate.  The Court, therefore, DENIES the Motion for Early Termination of Supervised Release brought by Defendant.

Finally, this Court notes that Defendant pled guilty to count six of the Indictment brought against him – concealment of bankruptcy assets – pursuant to a plea agreement with the Government.  In that plea agreement, Defendant waived his appellate rights.  Thus, as the United States Court of Appeals for the Third Circuit held in *United States v. Laine*, 404 Fed. Appx. 571 (3d Cir. 2010), this decision is not appealable.

SO ORDERED, this 28th day of October, 2020.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All ECF counsel of record and

Gregory M. Makozy
9661 S.W. Glenbrook Dr.
Port St. Lucie, FL 34987

3