IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

    Defendant.

Criminal No. 15-0184
ELECTRONICALLY FILED

**ORDER OF COURT**

Presently before the Court is yet another *pro se* motion filed by Defendant. ECF 155. This motion again relates to Defendant's $116,000 IRS lien. Id. Defendant notes that the tax lien has been released against his wife, but not him. Id. Defendant also claims that the IRS refuses to release its lien because interest is due and further notes this Court ordered interest to be waived during Defendant's sentencing hearing. Id. The Court will address the interest issue below.

As explained by this Court in one of its many previous Orders filed in response to Defendant's *pro se m*otions (ECF 152), Defendant owes the IRS for 2009 <u>civil</u> taxes which were <u>not</u> part of Defendant's criminal bankruptcy fraud charges. ECF 148. Thus, nothing this Court stated on the record during Defendant's criminal sentencing hearing could or would related in any way to Defendant's 2009 civil tax liability – which presumably has accrued since 2012. If the 2009 civil tax lien is the lien upon which the IRS claims interest is due, nothing this Court stated during Defendant's criminal sentencing hearing would alter Defendant's tax debt.

Furthermore, during the sentencing colloquy, as part of Defendant's sentence, the Court ordered Defendant to pay restitution in the amount of $49,529.00. ECF 59. The Court ordered that interest be waived on the <u>restitution</u> that he was ordered to pay, as follows:

> Based upon the report that I have previously
> made, my analysis of defendant's documents Exhibits 1 and 2,
> defendant shall make restitution payments from any wages he

> may earn in prison in accordance with the Bureau of Prisons'
> Inmate Responsibility Program. Any portion not paid in full
> at the time of defendant's release from imprisonment shall
> be paid as a condition of supervised release.
>
> The victim's recovery is limited to the amount of
> its loss and defendant's liability for restitution ceases if
> and when the victim receives full restitution.
>
> Defendant shall apply all monies received from
> income tax refunds, lottery winnings, inheritances,
> judgments, or any anticipated or unexpected financial gain
> to this outstanding court-ordered financial obligation
> within ten days of receipt unless excused from doing so by
> Order of Court.
>
> The defendant does not have the ability to pay
> interest and, therefore, interest is waived.

ECF 66, p. 34.

As noted in this Court's previous Order filed at ECF 152, even though Defendant may wish to challenge the imposition of the civil tax liens, and/or the interest that has accrued on his back due civil taxes, he simply cannot do so before this Court. For all of these reasons, the Court will deny Defendant's motion.

AND NOW, this 14th day of July, 2021, the Court DENIES Defendant's Motion filed at ECF 155 for the reasons set forth above.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF counsel of record and

      Gregory M. Makozy, Sr.
      3701 SW Coquina Cove Way #103
      Palm City, FL 34990