IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

    Defendant.

Criminal No. 15-0184
ELECTRONICALLY FILED

## ORDER OF COURT

Defendant Makozy's Motion to Vacate under 28 U.S.C. 2255 is DENIED.

Defendant pled guilty pursuant to a plea agreement of concealment of bankruptcy assets was sentenced in May of 2016 to a 30-month term of imprisonment followed by a 3-year term of supervised release. He was released from prison on April 11, 2018 and completed his term of supervise release in 2021.

Defendant appealed his sentence to the United States Court of Appeals for the Third Circuit in May of 2016. The Government filed a Motion with the Court of Appeals to enforce Makozy's appellate waiver and dismiss the appeal. The Court of Appeals granted the Government's Motion on December 23, 2016.

Since December of 2016, Defendant filed a has numerous motions on this closed criminal docket, and most of his motions pertain to the IRS and lien(s) the IRS has and had on Defendant. All of these Motions are misplaced on this closed criminal docket. This Court has issued numerous orders over the years explaining that it has nor jurisdiction over Defendant's claims against the IRS on **this closed**, **criminal** docket.

Despite this Court's many orders explaining to Defendant that his motions are misplaced on this docket, Defendant recently filed a motion accusing the IRS of "placing a new lien of

$17K on him." ECF 163.  This Court denied that motion on November 22, 2022, again explaining that this Court which adjudicated Defendant's **criminal** bankruptcy fraud case, has no jurisdiction to hear allegations Defendant wishes to assert against the IRS.  ECF 168.

Defendant appealed this decision to the United States Court of Appeal for the Third Circuit.  ECF 169.  On May 16, 2022, the Court of Appeals entered a Judgment which read "ORDERED and ADJUDGED by this Court that the judgment of the District Court entered November 22, 2021, be and the same hereby is AFFIRMED."  ECF 171.  On August 9, 2022, the Court of Appeals issued its Mandate, and in a brief opinion, agreed with this Court's explanation as to why Defendant cannot file his grievances with the IRS on this closed criminal docket:

> Makozy has been advised on several occasions, there are civil remedies for the failure to release a lien and unauthorized collection actions provided a plaintiff has first exhausted administrative remedies within the IRS. See 26 U.S.C. §§ 7432, 7433. We agree with the District Court that it lacks authority, within the confines of this closed criminal case, to adjudicate Makozy's complaints regarding a civil tax lien imposed by the IRS. (footnote omitted) And to the extent that Makozy asked the District Court to remove his criminal charges from the record, he failed to identify any gap in the post-conviction relief system.
> Makozy has already challenged his conviction through, inter alia, a direct appeal and motion to vacate, and those efforts were unsuccessful.

ECF 172-2.  After issuing these statements, the Court of Appeals indicated at footnote 2, "To the extent that Makozy challenges his conviction, he must do so through an authorized successive § 2255 motion. See 28 U.S.C. § 2255(h)."  Id.

The very next entry on this **closed**, **criminal** docket is Makozy's § 2255 Motion to Vacate, wherein he argues that the Court of Appeals instructed him to file same.  ECF 173.  However, the entirety of this document (ECF 173) reiterates Defendant's complaints about the IRS and Defendant's debt.

Therefore, to the extent that ECF 173 is yet another attempt by Defendant to allege that the IRS is "revenge taxing" him, then this Court, once again, dismisses Defendant's Motion filed at ECF 173 as this Court does not have jurisdiction over such a matter.  To the extent that in this most recent filing (ECF 173), Defendant actually hopes to vacate his old 2016 sentence wherein this Court ordered restitution be paid to the IRS, then his Motion to Vacate is denied because it is an unauthorized, successive § 2255 motion.  See ECF 97, ECF 108, ECF 109, and ECF 113.

SO ORDERED this 7th day of September, 2022.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record
      and
      Gregory Makozy
      3701 SW Coquina Cove Way #103
      Palm City, FL 34990