IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

        Defendant.

Criminal No. 15-0184

ELECTRONICALLY FILED

**ORDER OF COURT**

Before the Court is an Order from the United States Court of Appeals for the Third Circuit filed at ECF 178, requiring this Court to either issue a certificate of appealability or deny the issuance of such a certificate with respect to this Court's Order filed at ECF 174, denying Defendant Makozy's "Motion to Vacate under 28 U.S.C. 2255" which he filed at ECF 173.

No certificate of appealability will issue for the following reasons:

1.    In order to get a certificate of appealability, Defendant had to show in his motion filed at ECF 173, that he had been denied a constitutional right as a U.S. citizen. He failed to do so.

2.    Secondly, the document filed at ECF 173 was not a *habeas corpus* petition, despite the self-serving title Defendant used. As this Court has noted in several prior Orders, Defendant already completed his term of imprisonment (he was release on April 11, 2018 https://www.bop.gov/inmateloc/), and has already completed his 3-year term of supervised release. Thus, this Court's criminal docket related to Defendant has been, and remains, **closed**. Therefore, a *habeas corpus* petition is inappropriate given the status of Defendant's case.

3.    Moreover, Defendant's petition filed at ECF 173, in actuality, seeks some relief related to his IRS debt and/or an IRS lien. As this Court (repeatedly), and the Court of Appeals

for the Third Circuit (on at least one occasion (see ECF 171 and ECF 172-2)), have informed Defendant that there are "no there are civil remedies for the failure to release a lien and unauthorized collection actions provided a plaintiff has first exhausted administrative remedies within the IRS.  See 26 U.S.C. §§ 7432, 7433."  ECF 172-2.  The Court of Appeals agreed with this Court in holding that this Court "lacks authority, within the confines of this closed criminal case, to adjudicate [Defendant's] complaints regarding a civil tax lien imposed by the IRS." ECF 172-2.

4. Finally, despite the fact that Defendant styled his most recent unauthorized filing, as a "Motion to Vacate under 28 U.S.C. 2255," as this Court explained in its Order denying same (see ECF 174), "[t]o the extent that in this most recent filing (ECF 173), Defendant actually hopes to vacate his old 2016 sentence wherein this Court ordered restitution be paid to the IRS, then his Motion to Vacate is denied because it is an unauthorized, successive § 2255 motion. See ECF 97, ECF 108, ECF 109, and ECF 113.

For all the foregoing reasons, this Court hereby denies Defendant's request for a Certificate of Appealability and reminds Defendant that he is not to file any additional documents on this **closed**, **criminal** docket.

SO ORDERED, this 28th day of September, 2022.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF counsel of record and

Gregory M. Makozy
3701 SW Coquina Cove Way #103
Palm City , FL 34990