IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY M. MAKOZY, SR.,

Defendant.

Criminal No. 15-0184
ELECTRONICALLY
FILED

**ORDER OF COURT**

Before the Court is a Motion to release Grand Jury Transcripts filed by (former) Defendant, Gregory Makozy. ECF 190. Makozy has filed numerous motions throughout the 11 years since he was first indicted in the instant matter, several after he served his term of imprisonment, and several more after he completed his term of supervised release. The Government filed a response (ECF 192) and Makozy filed a reply (ECF 193).

Given the Court's over-a-decade long experience with this matter and the multitude of frivolous motions filed by Makozy, the Court is only too aware that Makozy has had difficulty acknowledging that he owed the IRS any sum of money. The instant motion is yet another reiteration of Makozy's decade-long lament with respect to the $48,260.00 the Court ordered Makozy to pay to the IRS in this case.

By way of brief background, Makozy pled guilty on January 7, 2016, to one count of bankruptcy fraud.  Because of his past criminal history, Makozy (who had a total offense level of 17, and a criminal history score of III, and a guideline range of 30 to 37 months' imprisonment), was sentenced by this Court on May 11, 2016, to a 30-month term of imprisonment, three years of supervised release, and restitution. His sentence also included restitution payable to: (1) the

IRS in the amount of $48,260.00; (2) LVNV in the amount of $1,000.00; and (3) American InfoSource in the amount $269.00. ECF 59.

Since entering judgment, and despite the fact that Makozy has completed his term of imprisonment and supervised release, Makozy has filed several motions in this Court seeking to overturn the IRS restitution portion of this Court's Judgment – if not the entire Judgment. Makozy, on this, his most recent attempt, asks this Court to release the grand jury transcripts related to his ten-count indictment which charged him with one count of bankruptcy fraud, six separate counts of concealment of bankruptcy assets, one count of false bankruptcy declaration, one count of false statement under oath, and one count of money laundering.

According to the Government's response, Makozy has also recently filed a motion to "reopen" his case with the United States Court of Appeals for the Third Circuit. ECF 192, p. 2. Again, according to the Government, Makozy has attached the instant motion seeking grand jury transcripts. Id. The Government suggests that as a result of the pending motion before the Court of Appeals, this Court's jurisdiction is divested. Additionally, the Government also notes in its response that Makozy failed to demonstrate a particularized need for the grand jury materials he seeks. Id.

In his reply to the Government's response, Makozy wants to know exactly what was said by the AUSA when he was before the grand jury with respect to the IRS. ECF 193, p. 1. Makozy also claims that his own attorney and the AUSA did not know for certain whether the IRS debt had been discharged in the bankruptcy proceeding. Id.

Given the many motions that Makozy has filed and is currently filing in this Court and elsewhere, the Court finds it prudent to substantively address Makozy's grand jury request, one final time. Makozy's motion and his reply to the response to his motion are difficult, at best, for

this Court to understand, as they do not present any sort of cogent arguments in support of the release of the grand jury transcripts.

That said, the Court refers back to its sentencing colloquy where it held, in relevant part, as follows:

> Pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the defendant be sentenced to 30 months imprisonment. Defendant's term of imprisonment is to be followed by three years of supervised release. In addition, it is ordered that the defendant shall pay restitution to the IRS in the amount of $48,260. As to the restitution, reviewing Defendant's Exhibits 1 and 2, those documents make it quite clear that while some debts are discharged, that there are some debts on Page 2 of the document Form 318 that are not discharged, including debts for most taxes. Also, in Defendant's Exhibit No. 2, it makes it clear-- which is the Chapter 7 Trustees Final Accounting and Distribution Report Certification, it makes it clear that there is an unsecured claim for the IRS that was presumably discharged but that there's a secured claim that was **not** discharged in this $48,260. So, I believe the record clearly establishes that the amount of $48,260 owed to the IRS was not discharged in the bankruptcy proceeding and should be part and constitute the amount of restitution owed to the IRS, returning Defendant's Exhibits 1 and 2 to the deputy clerk.

ECF 66, p. 22 (emphasis added).

Based on the above information, there is nothing in a grand jury transcript that would benefit Makozy. His own submissions at the time of sentencing clearly established what he owed and to whom following his guilty plea for one count of bankruptcy fraud.

Moreover, as noted by the Government, Makozy failed to present any information demonstrating why the traditional secrecy of a grand jury proceeding should be broken in this case.

> Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. Such a showing must be made even when the grand jury whose transcripts are sought has concluded its operations, as it had in

> *Dennis*. For in considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.
>
> * * *
>
> . . . disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure.

*Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222-23 (1979) (footnote omitted).

Having offered nothing to demonstrate his need for these transcripts, and having his own admission from the sentencing hearing proffered through Defendant's Exhibit 2 (the Chapter 7 Trustees Final Accounting and Distribution Report Certification) clearly demonstrates that there was secured claim that that was not discharged in the amount $48,260.00, which this Court Ordered Makozy to pay as part of his sentence. Accordingly, the Court DENIES Makozy's motion for release of the grand jury transcripts (again).

SO ORDERED, this 13th day of August, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF counsel of record and

Gregory M. Makozy
3701 SW Coquina Cove Way #103
Palm City , FL 34990